UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ATOUSA SHAHEINZADEH, *et al.*,<br><br>           Plaintiffs,<br><br>      v.<br><br>U.S. DEPARTMENT OF STATE,<br><br>           Defendant. | Case No. 25-cv-739 (JMC) |

## MEMORANDUM OPINION

Plaintiffs Atousa Shaheinzadeh and Emad Hessami brought this action under the Administrative Procedure Act against the U.S. Department of State to compel the agency to adjudicate their pending immigrant visa application. *See* ECF 1 at 1.[1] In May 2025, the Department filed a motion to dismiss Plaintiffs' complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF 6 at 8. To date—nearly three months later— Plaintiffs, who are represented by counsel, have neither filed an opposition to Defendant's motion nor requested an extension of time to do so. And they have not filed anything else on the docket or taken other steps to prosecute this case since Defendant moved to dismiss. Because Plaintiffs have failed to respond to Defendant's motion to dismiss, the Court **GRANTS** Defendant's motion as conceded and **DISMISSES** the complaint without prejudice.

Local Civil Rule 7(b) requires an opposing party to file a memorandum of points and authorities in opposition to a motion within 14 days of the service of the motion, or "the Court

---

[1] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

may treat the motion as conceded." LCvR 7(b). Defendant moved to dismiss Plaintiffs' complaint on May 19, 2025, making Plaintiffs' response due on June 2, 2025. That deadline has come and gone with no word from Plaintiffs.

Accordingly, the Court grants Defendant's motion to dismiss Plaintiffs' claims for lack of subject matter jurisdiction as conceded. In response to a Rule 12(b)(1) motion, Plaintiffs have the burden to establish that the Court has subject matter jurisdiction. *See, e.g.*, *Berman v. Fed. Election Comm'n*, No. 23-CV-01017, 2024 WL 3887373, at *2 (D.D.C. Aug. 20, 2024) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). Having filed no response at all, Plaintiffs have not satisfied their burden.

With respect to Defendant's Rule 12(b)(6) motion, the Court acknowledges that the D.C. Circuit has recognized some tension between the Federal Rule, which places the burden of persuasion on the moving party, and Local Rule 7(b) that permits the Court to grant such a motion where a plaintiff fails to respond. *See Cohen v. Bd. of Trs. of the Univ. of the Dist. of Columbia*, 819 F.3d 476, 480–83 (D.C. Cir. 2016). Nonetheless, it has consistently found that a district court does not abuse its discretion in granting a motion to dismiss as conceded, provided that the dismissal is without prejudice. *Id.* at 484; *see also Wash. Alliance of Tech. Workers v. U.S. Dep't of Homeland Sec.*, 892 F.3d 332, 344 (D.C. Cir. 2018) (observing that "[w]e have endorsed dismissing a complaint pursuant to Local Rule 7(b) if the plaintiff failed to timely file a response in opposition to the defendant's FRCP 12(b)(6) motion to dismiss"); *Jordan v. Ormond*, No. 15-7151, 2016 WL 4098823, at *1 (D.C. Cir. July 22, 2016) (per curiam) (holding that "[t]he district court did not abuse its discretion in dismissing appellant's complaint pursuant to [Local Rule] 7(b)"); *Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294–95 (D.C. Cir. 2004) (affirming the district court's dismissal of a complaint based on the plaintiff's failure to comply with Local Civil

Rule 7(b) and file a timely response to the defendant's motion to dismiss); *Twelve John Does v. Dist. of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997) (observing that "[w]here the district court relies on the absence of a response as a basis for treating the motion as conceded, [the Circuit will] honor its enforcement of the rule"). The Court exercises its discretion to grant Defendant's Rule 12(b)(6) motion as conceded. Defendant raises fulsome legal arguments in support of its request for dismissal. The Court assumes that Plaintiffs concede the merits of Defendant's positions since they have filed no responsive pleadings or taken any actions that demonstrate their interest in continuing to pursue this litigation, even though they are represented by counsel.

Accordingly, the Court will **GRANT** Defendant's motion to dismiss, ECF 6, and **DISMISS** the complaint **WITHOUT PREJUDICE**. A separate order accompanies this memorandum opinion.

**SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: August 6, 2025